IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LAVINA MARIE MASON                                                   PLAINTIFF

vs.                            Civil No. 1:15-cv-01016

CAROLYN W. COLVIN                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Lavina Marie Mason ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff filed her disability applications on September 7, 2011. (Tr. 9, 226-228). In her applications, Plaintiff alleges being disabled due to chronic back pain, a cracked pelvic bone, bipolar disorder, memory loss, lung cancer, heel spurs on both feet, severe depression, and fibromyalgia. (Tr. 259). Plaintiff alleges an onset date of May 26, 2011. (Tr. 9, 226, 228). These applications

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

were denied initially and again upon reconsideration. (Tr. 92-149). Thereafter, Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 178-197).

On August 22, 2013, the ALJ held an administrative hearing on Plaintiff's applications. (Tr. 39-91). This hearing was held in Falls Church, Virginia. *Id.* During the administrative hearing, Plaintiff was present and was represented by counsel, Ms. Lewis.[2] *Id.* Plaintiff and Vocational Expert ("VE") Mr. Duke[3] testified at this hearing. *Id.* During this hearing, Plaintiff testified she was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 42).

After the hearing, on December 16, 2013, the ALJ entered an unfavorable decision denying her disability applications. (Tr. 6-32). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 26, 2011, her alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairments: obesity, degenerative disc disease, affective disorder, anxiety disorder, bipolar disorder, substance abuse disorder, and borderline personality disorder. (Tr. 11-15, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15-18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her

---

[2] Ms. Lewis's first name was not included in the transcript. (Tr. 39).

[3] Mr. Duke's first name was not included in the transcript. (Tr. 39).

Residual Functional Capacity ("RFC").  (Tr. 18-30, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light [footnote omitted] work as defined in 20 CFR 404.1567(b) and 416.967(b) but may only occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl.  Claimant should never climb ladders, ropes or scaffolds [footnote omitted].  Claimant may only walk continuously for approximately 15 minutes [footnote omitted].  Claimant retains the mental rfc to perform unskilled work with simple instructions where interactions with others are routine, superficial, and incidental to the work performed.  Claimant should not do jobs that involve interacting with the public as part of the job duties.  Claimant needs a regular work break approximately every 2 hours and should not do fast paced production work [footnote omitted].

*Id*.  In this decision, the ALJ also determined Plaintiff had at least a high school education and was able to communicate in English.  (Tr. 30, Finding 8).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW.  (Tr. 30, Finding 6).  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 30-31, Finding 10).  The VE testified at the administrative hearing regarding this issue.  *Id.* Considering Plaintiff's age, education, work experience, and RFC, the VE testified such an individual retained the capacity to perform the following two occupations: (1) mail room clerk with 100,000 such jobs in the nation and 2,500 such jobs in the state; and (2) price marker with 200,000 such jobs in the nation and 5,000 such jobs in the state.  *Id.*  Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from May 26, 2011 through the date of the ALJ's decision or through December 16, 2013.  (Tr. 31, Finding 11).

Thereafter, on March 11, 2015, Plaintiff filed the appeal in the present matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 12, 2015. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ failed to properly consider her concentration problems and her inability to "get along well with others"; and (B) the ALJ failed to properly consider the impact her mental and physical limitations would have on her ability to find substantial, gainful employment. ECF No. 8 at 1-6. The Court will address both of

these arguments.

### A. Plaintiff's Mental Limitations

Plaintiff claims the ALJ failed to properly consider her concentration problems. ECF No. 8 at 3. Specifically, Plaintiff alleges the ALJ failed "[t]o take into consideration in determining the nature of the disability of the claimant, her issues of concentration." *Id.* In making this argument, Plaintiff speculates that if the ALJ had given more credit to her limited concentration, "it is submitted that when added to the lack of concentration and when considered against the claimant's physical limitations, there is no substantial gainful employment in which [she] the claimant can engage." *Id.* Plaintiff cites to no evidence demonstrating her concentration problems cause her to be unable to perform any SGA. *Id.*

Further, Plaintiff alleges the ALJ did not properly consider her inability to get along with others. ECF No. 8 at 4. She claims she has a limited "ability to . . . get along well with others because she is difficult to tolerate and she has mood fluctuations." *Id.* at 3. Plaintiff argues that had the ALJ properly considered this impairment, he would have found she was disabled. *Id.* Again, however, Plaintiff does not cite to any evidence demonstrating her inability to get along with others would cause her to be unable to perform any SGA. *Id.*

Upon review, in the ALJ's decision, he did account for Plaintiff's concentration problems and limited ability to work others. (Tr. 18, Finding 5). The ALJ accounted for her concentration problems and stated the following: "Claimant retains the mental rfc to perform *unskilled work with simple instructions where interactions with others are routine, superficial, and incidental to the work performed." Id.* (emphasis added). The ALJ also found that, due to her inability to get along

well with others, Plaintiff could not perform any work where she was required to interact with the public: "Claimant should not do jobs that involve interacting with the public as part of the job duties." *Id.* Based upon these findings and because the ALJ did account for both of these limitations in assessing Plaintiff's RFC, the Court finds no basis for reversal on this issue.

### B. Impairments in Combination

Plaintiff claims the ALJ erred by failing to fully consider and evaluate her physical and mental impairments in combination. ECF No. 8 at 3. Upon review, under the facts in the present case, this Court finds that the ALJ properly considered Plaintiff's impairments in combination. The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2007).

In the present action, in reviewing Plaintiff's claimed impairments, the ALJ fully considered each of her impairments in detail and stated that "claimant does not have an impairment *or combination of impairments* that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. . . ." (Tr. 15) (emphasis added). This analysis is sufficient in the Eighth Circuit to establish that the ALJ properly considered the combined effect of a plaintiff's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered the Plaintiff's impairments in combination. Plaintiff has alleged that she suffers from a number of impairments. However, this Court is not required to find a plaintiff is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates that the ALJ properly considered the combined effects of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of the Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of August 2015.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE